**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4706**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDWARD WHITAKER, a/k/a Mo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00374-D-1)

Submitted:  May 30, 2019                                    Decided:  June 25, 2019

Before KING and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Chad E. Rhoades, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Whitaker pleaded guilty pursuant to a plea agreement to possession with intent to distribute a quantity of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). The district court sentenced Whitaker to 24 months' imprisonment for the controlled substance charge and 60 months' imprisonment for the firearm charge, to be served consecutively, for a total of 84 months' imprisonment. On appeal, Whitaker contends that the district court erred in upwardly departing and that his sentence is substantively unreasonable. The Government counters that any error is harmless because the district court announced an alternate variant sentence. We affirm the district court's judgment.

Rather than evaluating the merits of a defendant's challenge to the calculation of the Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that a Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

2

*Id.* (internal quotation marks omitted). The error will be deemed harmless only when we are certain that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). Here, the first inquiry is satisfied because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result even if it had miscalculated the Guidelines range." *Gomez-Jiminez*, 750 F.3d at 383.

As to the second inquiry, whether Whitaker's above-Guidelines range sentence would be substantively reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review of this issue is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

We conclude that Whitaker's sentence is reasonable. The district court discussed the § 3553(a) factors, highlighting the nature and circumstances of Whitaker's offenses and also his extensive and serious criminal history, which included convictions on two counts of voluntary manslaughter, of being a habitual felon, and of breaking and entering with intent to terrorize or injure. The district court further emphasized the need to incapacitate Whitaker and to deter him from future criminal activity. The factors cited by the court and the reasons given for the chosen sentence sufficiently support the court's modest increase above the advisory Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4